# Harrison *v.* Farrell, Appellant.

*Promissory note—Evidence—Defense.*

In an action on a promissory note it is proper to exclude an offer by the defendant to prove that the note was given for rent accruing after the lessor's death; that at the time the note was given the plaintiff had represented that he was authorized to receive payment of money due the estate of the deceased lessor; and that the plaintiff was not in point of fact the administrator or executor of the deceased lessor.

Argued Dec. 13, 1902. Appeal, No. 206, Oct. T., 1902, by defendant, from judgment of C. P. No. 2, Phila. Co., June T., 1899, No. 88, on verdict for plaintiff in case of William H. Harrison v. George H. Farrell. Before Beaver, Orlady, Smith, W. W. Porter and W. D. Porter, JJ. Affirmed.

Assumpsit on a promissory note.

The note was as follows:

"$253.98–100.       Phila., Dec. 1, 1898.

"Three months after date, value received, I promise to pay to the order of W. H. Harrison, Sr., Two Hundred and Fifty-three Dollars and ninety-eight cents without defalcation.

"Payable at the first National Bank of Darby.

"(6c. Rev. Stamps.)       George H. Farrell.

At the trial defendant's attorney made the following offer:

I offer to prove by the witness that at the time of the execution and delivery of the said note to the plaintiff by the defendant, that the plaintiff represented to the defendant that he, the plaintiff, was authorized to receive payment of the money due the estate of Dr. Jacob Boone, who was then deceased; that the note was given for rent alleged to be due under a lease of a quarry made between the said Dr. Jacob Boone, in his lifetime and the defendant; that as a matter of fact the said plaintiff was not the administrator or executor of the estate of the said Dr. Jacob Boone, but that letters of administration on the estate of the said Dr. Jacob Boone were issued by the register of wills in and for the county of Delaware, state of Pennsylvania, on November 8, 1900, to one Lizzie Boone.

142   HARRISON *v.* FARRELL, Appellant.

Statement of Facts—Opinion of the Court. [22 Pa. Superior Ct.

The Court: What is the date of the death of Boone?

Mr. Ashbridge: August 22, 1898. That the lease dated October 27, 1897, purporting to be between William H. H. Harrison, and George H. Farrell, was as a matter of fact made out in the name of Dr. Boone, and that after the defendant had signed the lease the name of Dr. Boone was stricken out and the name of William H. H. Harrison, Sr., was written into the lease after it had been executed and delivered by the defendant, without his knowledge or consent and without any authority from him; that the defendant had paid the rent accruing during the lifetime of Dr. Boone, to the said Dr. Jacob Boone, and received receipts from him; that there was no consideration for the note in suit, but that the same was received by the plaintiff from the defendant under the false representation as to his being authorized to collect the debts due to Dr. Jacob Boone, in his lifetime, and that the defendant is not indebted to the plaintiff in any sum whatever.

The Court: The offer as made in my judgment amounts, (1) to a confession by the defendant of his indebtedness for the amount to somebody; (2) it amounts to an acknowledgment that in extinction of that indebtedness he gave a promissory note; (3) it amounts to an objection that he is now afraid, from certain evidence which he thinks has come to him, that the giving of that promissory note was not a valid extinction of the debt, and that therefore he may be liable to the action of another. The defect in the offer is that there is no offer to prove that the note given is not accepted by the party who has the real claim as a full discharge and payment of the obligation, and unless the offer is supplemented by that it is, in my judgment, inadequate to stand as a defense.

Verdict for plaintiff for $302.23. Defendant appealed.

*Error assigned* was ruling on evidence, quoting the bill of exceptions.

*A. S. Ashbridge, Jr.*, for appellant.

*Edward P. Bliss*, for appellee.

PER CURIAM, January 20, 1903:
The offer of the defendant, as is pointed out by the court

below in the ruling sustaining the objection, was clearly insufficient. If the testimony offered had all been in, the court would not have been justified in submitting it to the jury. No harm, therefore, was done the defendant.

Judgment affirmed.